# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

INTERNATIONAL MARKETS LIVE, INC.,

    Plaintiff(s),

v.

SALMAN FAZAL,

    Defendant(s).

Case No.: 2:19-cv-02024-JAD-NJK

**ORDER**

(Docket No. 10)

Pending before the Court is Plaintiff's *ex parte* motion for extension of time to serve complaint and order for service by publication.[1] Docket No. 10. The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff's request to serve the complaint by publication is briefed incorrectly. Plaintiff's motion discusses Fed.R.Civ.P. 4(e), which pertains to serving a person within a judicial district of the United States. *See* Docket No. 10 at 2–3. However, it appears that Defendant is not within a judicial district of the United States. *See* Docket No. 11 at 1 (noting that Defendant's last known address, as provided, was in Canada). Thus, the applicable rule is Fed.R.Civ.P. 4(f), which pertains to serving a person in a foreign country. *See, e.g.*, *Ahrens v. Pecknick*, 2016 WL 6806325, at *1–2 (D. Nev. Nov. 15, 2016). Because Plaintiff failed to brief this issue under the applicable rule, the Court will deny without prejudice the request to serve the complaint by publication.

Plaintiff's request for an extension of time to serve the complaint is also briefed incorrectly. Plaintiff's motion discusses Fed.R.Civ.P. 4(m), which pertains to the time limit for service. *See* Docket No. 10 at 3–4. However, Rule 4(m) "does not apply to service in a foreign country under

---

[1] As an initial matter, the motion was filed on an *ex parte* basis with no showing as to why an *ex parte* designation is appropriate. *See, e.g.*, *Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, *1–2 (D. Nev. July 29, 2015) (addressing disfavored nature of *ex parte* requests, and the standards applicable to them); *see also* Local Rule IA 7-2. Thus, the Court will instruct the Clerk's Office to remove the *ex parte* designation.

1

Rule 4(f)[.]" Although Rule 4(m) does not apply to service of process on a person in a foreign country, the Court "is not precluded from setting a reasonable time limit for service in a foreign country so that it can properly manage a civil case." *Karimi v. Poker Media Sys. SAS*, 2013 WL 4048578, at *2 (D. Nev. Aug. 8, 2013); *see also Baja Developments LLC v. TSD Loreto Partners*, 2009 WL 2762050, at *1 (D. Ariz. Aug. 28, 2009) (citations omitted). Thus, the Court grants Plaintiff 90 days from the date of this order to complete service of process on Defendant. Proof of service must be filed no later than July 2, 2020.

Accordingly, the Court **DENIES** without prejudice Plaintiff's request for service by publication. Docket No. 10. Further, the Court **GRANTS** Plaintiff's request for an extension of time to serve the complaint. *Id.* Plaintiff must serve Defendant in accordance with Fed.R.Civ.P. 4(f) no later than July 2, 2020. The Court **INSTRUCTS** the Clerk's Office to remove the *ex parte* designation on Plaintiff's motion. *Id.*

IT IS SO ORDERED.

Dated: April 3, 2020

_____
Nancy J. Koppe
United States Magistrate Judge