# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC., | Case No.: 2:19-cv-02024-JAD-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | |
| SALMAN FAZAL, | |
| Defendant(s). | |

On November 22, 2019, Plaintiff filed this suit. Docket Nos. 1-4. On March 23, 2020, the Clerk's Office issued a notice of the intent to dismiss for failure to effectuate service. Docket No. 9. On March 24, 2020, Plaintiff filed a motion to extend time. Docket No. 10. On April 6, 2020, the Court granted that motion and reset the deadline to effectuate service to July 2, 2020. Docket No. 15. On August 14, 2020, Plaintiff having failed to meet that service deadline, the Clerk's Office issued another notice of intent to dismiss for failure to effectuate service. Docket No. 16. The deadline to respond to that notice expired on September 13, 2020, and Plaintiff has not responded to date.

The deadline to effectuate service and the ramifications for failing to meet that deadline are generally governed by Rule 4(m) of the Federal Rules of Civil Procedure. However, the text of Rule 4(m) makes clear that it "does not apply to service in a foreign country under Rule 4(f)." Although Rule 4(m) does not apply to service of process on a person in a foreign country, the Court "is not precluded from setting a reasonable time limit for service in a foreign country so that it can properly manage a civil case." *Karimi v. Poker Media Sys. SAS*, 2013 WL 4048578, at *2 (D. Nev. Aug. 8, 2013); *see also Baja Developments LLC v. TSD Loreto Partners*, 2009 WL 2762050, at *1 (D. Ariz. Aug. 28, 2009) (citations omitted). Moreover, the failure to effectuate

1

service by the court-ordered deadline may result in dismissal.  *See, e.g.*, *Panliant Fin. Corp. v. ISEE3D, Inc.*, 2014 WL 3592718, at *6-7 (D. Nev. July 21, 2014).

It has now been almost a year since Plaintiff initiated this case.  The court-ordered deadline to effectuate service in accordance with Rule 4(f) expired on July 2, 2020.  Docket No. 15 at 2.  Plaintiff did not comply with that deadline.[1]  Moreover, Plaintiff did not respond to the notice that dismissal was possible in light of that shortcoming.  *See* Docket No. 16.

Plaintiff's failure to effectuate service and its disobedience of a Court order are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Plaintiff was provided notice of the potential for dismissal, but refused to respond to that notice or otherwise provide cause for a different outcome.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: October 26, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] Plaintiff has not sought an extension of this deadline and the Court declines to provide one *sua sponte*.